OPINION OF THE COURT UPON FURTHER REVIEW
JOHNSON, Judge:
Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of sodomy with a child under the age of 16 years on divers occasions (Specification 1, Charge II), sodomy on divers occasions (Specification 2, Charge II), indecent acts with a child under the age of 16 years on divers occasions (Specification 1, Charge III), indecent acts on divers occasions (Specification 2, Charge III), and adultery on divers occasions (Specification 3, Charge III), in violation of Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925, 934. In accordance with his pleas, he was found not guilty of carnal knowledge (Charge I), in violation of Article 120, UCMJ, 10 U.S.C. § 920. The adjudged and approved sentence included a bad-con *655 duct discharge, confinement for 2 years, and reduction to E-l.
This case is before our Court for the second time. In United States v. Banker, 57 M.J. 699 (A.F.Ct.Crim.App.2002), we set aside and dismissed Specification 2 of Charge III, modified Specification 1 of Charge III, and affirmed the findings, as modified, and the sentence, as reassessed. On appeal, our superior court set aside our decision and returned the record of trial to The Judge Advocate General of the Air Force for remand to our Court for consideration of a supplemental issue and for action not otherwise inconsistent with their opinion. United States v. Banker, 60 M.J. 216 (C.A.A.F.2004). The appellant subsequently asked our superi- or court to reconsider their decision. On 4 January 2005, the Court of Appeals for the Armed Forces (CAAF) denied the request for reconsideration. United States v. Banker, 60 M.J. 452 (C.A.A.F.2005).
CAAF specified the following issue: Whether the appellant’s conviction for violating Article 125, UCMJ, 10 U.S.C. § 925, by engaging in consensual sodomy must be set aside in light of Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). On 20 April 2005, this Court specified the following additional issues: (1) Whether the disparity in age between the victim and the appellant, as well as the appellant’s prior grooming of the victim to engage in sexual conduct while she was under the age of consent, placed the victim in a relationship where consent might not easily be refused in light of United States v. Marcum, 60 M.J. 198 (C.A.A.F.2004). Should the Court apply an objective or subjective test in answering this question? (2) Whether a 16-year-old is a minor in the context of Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).[1]

Background

In December 1994, LG, who was 14 years old, began babysitting for the appellant and his wife. The appellant was 34 years old. LG babysat for the appellant on a regular basis and often participated in other family activities. In early 1995, the appellant initiated sexual contact with LG by kissing her and sticking his tongue in her mouth. Over time, the appellant increased his contact with LG from deliberately touching her breasts and buttocks, to engaging in overt indecent activities, including oral and anal sodomy and sexual intercourse. LG considered the relationship with the appellant to be consensual. In fact, she testified, “I thought that this was a consensual relationship.” In July 1999, LG, now a 19-year-old, became upset with the appellant and stopped engaging in sexual acts with him. She subsequently stopped babysitting for the appellant’s family altogether.

Constitutionality of Article 125, UCMJ

Lawrence protects private sodomy between two consenting adults. Id. However, the Supreme Court has determined in certain situations, consensual sodomy may not qualify for such protection. Id. at 578, 123 S.Ct. 2472. Constitutional challenges to Article 125, UCMJ, based on the Lawrence decision must be addressed on a ease-by-case basis. United States v. Stirewalt, 60 M.J. 297, 304 (C.A.A.F.2004) (citing United States v. Marcum, 60 M.J. 198 (C.A.A.F.2004)), cert. denied, 544 U.S. 923, 125 S.Ct. 1682, 161 L.Ed.2d 482 (2005). In Marcum, the CAAF identified a tripartite framework for addressing these challenges within the military context:
First, was the conduct that the accused was found guilty of committing of a nature to bring it within the liberty interest identified by the Supreme Court? Second, did the conduct encompass any behavior or factors identified by the Supreme Court as outside the analysis in Lawrence? Third, are there additional factors relevant solely in the military environment that affect the nature and reach of the Lawrence liberty interest?
Marcum, 60 M.J. at 206-07 (Citations omitted.)
The first prong addresses whether the appellant’s conduct involved private, consensual sexual activity between adults. Id. at 207. LG was 16 years old and factually, consented to the sodomy. She testified at *656 trial that them relationship was consensual. Furthermore, the evidence established the sexual activity took place in a private location, generally in the appellant’s home. We will assume without deciding that the panel’s verdict, finding the appellant guilty of consensual sodomy, satisfies the question raised by the first prong. See id,
The second prong addresses whether the appellant’s conduct falls outside a liberty interest identified by the Supreme Court in Lawrence. For example, “did the conduct involve minors? Did it involve public conduct or prostitution? Did it involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused?” Id. We will also assume that the appellant’s conduct involved someone who is arguably not a minor[2] because LG was not under the age of 16 years old. The appellant’s conduct did not take place in public and it did not involve prostitution. Even after making these assumptions we find that the appellant’s conduct falls outside a liberty interest identified by the Supreme Court because it involved a person who was “situated in [a] relationship[ ] where consent might not easily be refused.” See Lawrence, 539 U.S. at 578, 123 S.Ct. 2472.
The appellant was LG’s employer and was 20 years older than LG. LG viewed the appellant as a father figure. She was an integral part of the appellant’s family— spending weekends with the family, attending church, and shopping with the family. When LG started babysitting for the appellant she was a 14-year-old virgin. Over several years, the appellant aggressively encouraged LG to engage in sexual activities with him. These activities started with kissing, then escalated to fondling and brushing up against her breasts and body. The appellant showed LG pornography, to include videos and magazines, then later exposed his penis in front of her, and placed a vibrator inside her vagina. The activities then progressed from oral sex, to sexual intercourse, and finally to anal sodomy. LG testified that she was concerned about pleasing the appellant and sought his approval. She also testified on several occasions that she was confused about her relationship with the appellant. The appellant’s progressive grooming of his subordinate babysitter, when she was 14 and 15 years old, spawned a relationship where LG’s consent at the age of 16 and older might not easily be refused. This is not the type of private sexual relationship that qualifies for protection under Lawrence. Article 125, UCMJ, is constitutional as applied to this appellant.
The appellant argues this Court cannot find criminal liability because he was not put on notice or given an opportunity to oppose the prosecution’s evidence concerning the concept of grooming. As a result, the appellant claims he was denied due process. We find the appellant’s argument unpersuasive. This Court’s finding of a pattern of grooming is merely a conclusion we reached after careful review of the evidence in this case. LG’s tender age of 14 when the appellant first approached her sexually, the age disparity between the appellant and LG, the progressive and aggressive nature of the sexual activity over time, as well as LG’s admitted confusion about her relationship with the appellant, were all facts presented at trial. Therefore, the appellant was most certainly on notice of this evidence.
Likewise, the appellant’s complaint that he was denied an opportunity to oppose the evidence on the theory that LG was in a relationship where consent could not easily be refused lacks merit. Specifically, the defense’s theory of the case was that LG totally fabricated the accusations against the appellant. They asserted that these events never happened. In light of the other charges pending against him, we find it disingenuous for the appellant to now argue the sodomy was consensual, when at trial, he denied the other closely related sexual offenses ever occurred.
We also analyzed this case in light of United States v. Cendejas, 62 M.J. 334, 340 (C.A.A.F.2006). Assuming arguendo the defense were given an opportunity to contest *657 the government’s evidence that LG was a person who might not easily refuse consent, we are not convinced that any additional evidence would have overcome the Lawrence factors not in dispute. For example LG’s age, employment status, and the age disparity between the appellant and LG could not be refuted. Moreover, the appellant’s trial defense counsel vehemently attacked those facts that could be contradicted by impugning LG’s credibility. They challenged LG’s ability to recall certain details and revealed to the panel members that LG had lied under oath numerous times in the past. Trial defense counsel argued in his closing statement that LG was clearly not credible and was a “confessed liar.” And trial defense counsel suggested possible motives for why LG would lie about the sexual encounters. The panel members heal’d the extensive cross-examination of LG, and they determined that the events occurred. Under these circumstances, coupled with the absence of any proposed evidence the defense would have used to counter the prosecution’s evidence that LG was groomed and lacked the ability to easily refuse consent, we are convinced beyond a reasonable doubt that the members would have arrived at the same conclusion.

Legal and Factual Sufficiency

Finally, the appellant argues the sodomy conviction is factually insufficient.[3] We have conscientiously read the record of trial and determined the specification is legally and factually sufficient. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Turner, 25 M.J. 324, 324-25 (C.M.A.1987). Specifically, LG testified that the appellant anally sodomized her several times beginning in the summer of 1996. She said the appellant wanted to try something new, so she “allowed him.” She indicated the anal sodomy ended in July 1999. As a result, we are convinced of the appellant’s guilt beyond a reasonable doubt.

Conclusion

For the reasons set forth in Banker, 57 M. J. at 706, and those contained herein, the finding of guilty of Specification 1 of Charge III is modified as follows: Of Specification 1 of Charge III, guilty, except the words “and digitally penetrating her vagina.” Of the excepted words, not guilty. The finding of guilty of Specification 2 of Charge III is set aside and dismissed. We are still confident that, even with the modification in the findings, the appellant would have received the same sentence as that which was adjudged. See United States v. Peoples, 29 M.J. 426, 428 (C.M.A.1990); United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986). We also find this sentence appropriate.
The approved findings, as modified, and sentence, as reassessed, are correct in law and fact. Article 66(c), UCMJ, 10 U.S.C § 866(c); United States v. Reed, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings, as modified, and the sentence, as reassessed, are
AFFIRMED.

. Oral argument was heard on 9 November 2005 on all three issues.

. The appellant was convicted of forcible sodomy, Specification 1 of Charge II, when LG was under the age of 16. The conduct that is at issue here, non-forcible or consensual sodomy, Specification 2 of Charge II, happened after LG turned 16 years old.

. This assignment of error was raised by the appellant during oral argument, but was not briefed.